**KOOLVENT ALUMINUM AWNING COMPANY, a corporation, et al., Appellants,**

v.

**Ruby Mae CRIM et al., Appellees.**

Court of Appeals of Kentucky.

April 17, 1964.

Rehearing Denied June 26, 1964.

William G. Reed, Carrollton, for appellants.

Eugene Cox, Madison, Ind., Gene Sims, Louisville, Harrod & Harrod, New Castle, John C. Breckinridge, Atty. Gen., Maye Briscoe Burns, Dept. of Revenue, Frankfort, for appellees.

CULLEN, Commissioner.

Koolvent Aluminum Awning Company had a mechanic's lien for $700 against a filling station property owned by Mr. and Mrs. George Hereford. In an action to enforce the lien the property was ordered sold, subject to a mortgage and some tax liens and R. H. Knopp, president of Koolvent, bought the property for $25 above the amount due on the mechanic's lien. Subsequently an action was brought by other creditors of the Herefords (who had not been made parties in Koolvent's action) to enforce various lien claims. Judgment was entered in that action upholding a mechanic's lien of Nathan Lichlyter for $1,-605.71, and an execution lien of King Enterprises, Inc., for $5000. Koolvent and Knopp have undertaken to appeal as a matter of right from that judgment.

The largest amount that could be in controversy as to the appellant Koolvent is the amount of its original lien (plus interest and costs) which would be something in excess of $700. This is far below the jurisdictional amount for an appeal as a matter of right.

The appellant Knopp bought this property at the sale in enforcement of the Koolvent lien. Therefore, as to him, the amount in controversy is the amount of the Lichlyter and King Enterprises liens, *if the property has value to that amount over and above the amount of the other liens subject to which Knopp bought the property.* There is a mortgage lien for $5000 plus interest from July 1959. There is a state tax lien for $744.59 plus interest from July 1959. Also, there is a county tax lien for an

unstated amount. The judgment in this action, when construed in connection with the pleadings, does not show what, if any, value the property has in excess of the amount of the latter three liens. If it has no value in excess of the amount of those liens, the question of the validity of the Lichlyter and King Enterprises liens is academic. If it does have value in excess of the amount of those liens, the value would have to be as much as $2,500 in order to warrant an appeal as a matter of right. Since the value is not shown the appeal must fail.

The appeal is dismissed.